**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 03-8004

IN RE: R. EDWARD BATES, MEMBER OF THE BAR.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL, *Judges.*

**O R D E R**

On November 18, 2008, attorney R. Edward Bates (respondent) was suspended from the practice of law by the Supreme Court of the State of Illinois, effective December 9, 2008. Because of that action, which is a public discipline for professional misconduct, the respondent, under Rule 7(d)(2)(B) of the Court's Rules of Admission and Practice (A&P Rules), was ordered to show cause why this Court should not impose identical or similar discipline as that already imposed by the Supreme Court of Illinois. *See* U.S. VET. APP.R.ADM. & PRAC. 7(d)(2)(B). A response was received from the respondent requesting that the Court impose the same discipline as that imposed by the Illinois Supreme Court–suspension from the practice of law from December 9, 2008, to May 9, 2009. On July 10, 2009, the Court advised the respondent of its proposed discipline and on July 17, 2009, he filed a response, through counsel, accepting the discipline and requesting that the Court "issue forthwith a public order imposing the discipline." *See* U.S. VET. APP. R. ADM. & PRAC. 5(d).

Mr. Bates's actions that led to his suspension from the practice of law by the State of Illinois included the following conduct against veterans:

(1) Breaching of fiduciary duty,
(2) Accepting an unreasonable fee,
(3) Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects,
(4) Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation,
(5) Engaging in conduct that is prejudicial to the administration of justice, and
(6) Engaging in conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute.

For these unprofessional actions, the State of Illinois suspended the respondent from practicing law for five months and required him, before the suspension would be lifted, to reimburse the Client Protection Trust Fund for any Client Protection payments arising from his conduct prior to the termination of the period of suspension.

Accordingly, pursuant to A&P Rules 7(d)(3)(B) and 11(a)(1)-(4), it is

ORDERED that the respondent is suspended from the practice of law before the U.S. Court of Appeals for Veterans Claims to run concurrently with the discipline imposed by the Illinois Supreme Court. It is further

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

ORDERED that as a similar or equivalent disciplinary action to the reimbursement requirement imposed by the State of Illinois, the respondent may only resume practice before this Court after (1) completing 24 hours of professional responsibility/ethics continuing legal education (CLE) that has been approved for CLE credit by the State of Illinois, (2) filing an affidavit with the Clerk of the Court that he has been reinstated to practice law by the Illinois Supreme Court and that he has completed the 24 hours of CLE ordered by the Court with proof of completion attached thereto, and (3) completing the procedures in A&P Rule 11(a)(3) and Rule 46(a)(2) of the Court's Rules of Practice and Procedure.

DATED:  August 17, 2009                                    PER CURIAM.

CERTIFIED MAIL - RETURN RECEIPT REQUESTED